IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PARRISH MACK | CRIMINAL ACTION NO. 22-262 |

MEMORANDUM OPINION

Rufe, J.                                                                                                         February 3, 2026

In the above-referenced action, Defendant Parrish Mack has filed a *pro se* letter in which he moves to terminate his appointed counsel and withdraw his guilty plea.[1] The government filed a response contesting only Mack's motion to withdraw the guilty plea.[2] As set forth below, the Court will deny Mack's motion to withdraw his guilty plea.

I.   BACKGROUND

On August 10, 2022, a grand jury returned an Indictment, charging Mack with violating 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B) by possessing with intent to distribute 500 grams or more of methamphetamine and 40 grams or more of fentanyl (Count 1).[3] The Indictment also charged Mack with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and possession of a firearm by a convicted

---

[1] Def.'s Mot. to Withdraw Plea and Terminate Counsel [Doc. No. 43].

[2] Gov't Response [Doc. No. 45].

[3] Indictment [Doc. No. 1]. The indictment was later amended to correct a clerical error regarding the date of the offense charged in Count 3. Change of Plea Hr'g Tr. at 36 [Doc. No. 36]; *see* Am. Indictment [Doc. No. 26].

felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3).[4] Initially, Mack pled not guilty as to each charge.[5] He retained counsel to represent him.[6]

On August 2, 2023, the Court held a change of plea hearing.[7] At the hearing, Mack and the government presented a signed plea agreement executed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[8] As provided in the agreement, the parties agreed that Mack would plead guilty to all three counts in the Indictment.[9] The parties further agreed that an appropriate sentence would be a term of imprisonment of 180 to 240 months, a five-year period of supervised release, a fine to be determined by the Court, and a $300 special assessment.[10] The Court deferred a final decision on whether to accept the plea agreement.[11] After the Court administered a Rule 11 colloquy, Mack entered a plea of guilty.[12] The Court accepted that plea, finding that it was entered knowingly and voluntarily, and with the support of an independent factual basis—offered by the government and accepted by Mack—that covered the elements of the charged offenses.[13]

---

[4] Indictment [Doc. No. 1].

[5] 8/21/22 Bail Status and Order at 2 [Doc. No. 6].

[6] 8/17/22 Notice of Appearance [Doc. No. 5].

[7] 8/2/23 Change of Plea Hr'g Tr. [Doc. No. 36].

[8] 8/2/23 Change of Plea Hr'g Tr. at 10-18 [Doc. No. 36]; Guilty Plea Agreement [Doc. No. 25].

[9] Guilty Plea Agreement ¶ 1 [Doc. No. 25].

[10] Guilty Plea Agreement ¶¶ 2, 5 [Doc. No. 25].

[11] 8/2/23 Change of Plea Hr'g Tr. at 19-20 [Doc. No. 36]. *See* Fed. R. Crim. P. 11(c)(3)(A) (providing that the court may defer its decision on whether to accept a plea agreement entered into under Rule 11(c)(1)(C)); *see also Hughes v. United States*, 584 U.S. 675, 682 (2018) ("The decision whether to accept the [Rule 11(c)(1)(C)] agreement will often be deferred until the sentencing hearing." (quotation marks and alteration omitted)).

[12] 8/2/23 Change of Plea Hr'g Tr. at 45 [Doc. No. 36].

[13] 8/2/23 Change of Plea Hr'g Tr. at 45-46 [Doc. No. 36]. *See* Fed. R. Crim. P. 11(b)(2)-(3).

At a status hearing held after he pled guilty, Mack made an oral motion seeking to have court-appointed representation take the place of his retained counsel.[14] As a reason for this, Mack cited his retained attorney's reluctance to move to withdraw his guilty plea as to Count 2 so that he could proceed to trial on that charge.[15] In order to replace his retained counsel with court-appointed counsel, Mack filed a financial affidavit affirming that he was indigent.[16] The Court then entered an order appointing Assistant Federal Defender Michael McCrossen as his attorney.[17]

On June 9, 2025, while he was represented by Attorney McCrossen, Mack filed the *pro se* letter currently before Court in which he moved to terminate Attorney McCrossen and withdraw his guilty plea.[18] The government filed a Response opposing only Mack's motion to withdraw the guilty plea.[19] On July 30, 2025, the Court held a hearing on Mack's *pro se* letter motion.[20] Mack testified that he wished to terminate Attorney McCrossen's representation because Attorney McCrossen had advised Mack that he would not move to withdraw Mack's plea.[21] Mack still wished to withdraw the plea because, as he claimed, the retained attorney who represented him before Attorney McCrossen had misled him to think that, at sentencing, he could

---

[14] 2/6/24 Status Hr'g Tr. at 11 [Doc. No. 37].

[15] 2/6/24 Status Hr'g Tr. at 5-7. 10-11 [Doc. No. 37]. In response to Mack's explanation, the government clarified that, assuming Mack could withdraw the plea, the terms of the plea agreement would no longer be operative. 2/6/24 Status Hr'g Tr. at 7 [Doc. No. 37]. At a later hearing, Mack further scrutinized the representation that he received from his retained attorney. He claimed that, before signing the guilty plea agreement, his retained attorney misled him by communicating that, at sentencing, Mack could contest the drug weight that he had stipulated to in the plea agreement. 7/30/25 Mot. Hr'g Tr. at 5-6 [Doc. No. 50].

[16] Financial Affidavit [Doc. No. 39].

[17] 3/28/24 Order [Doc. No. 41].

[18] Def.'s Mot. to Withdraw Plea and Terminate Counsel [Doc. No. 43].

[19] Gov't Response [Doc. No. 45].

[20] *See* 7/30/25 Mot. Hr'g Tr. [Doc. No. 50].

[21] *See* 7/30/25 Mot. Hr'g Tr. at 7 [Doc. No. 50].

challenge the drug weight that he had stipulated to in the plea agreement.[22] At the conclusion of the hearing on Mack's *pro se* letter motion, the Court did not issue any rulings, instead directing the government to produce any potential prejudice to the government if the Court should permit Defendant's plea to be withdrawn.[23]

## II.     LEGAL STANDARD

Before the court accepts a guilty plea, the defendant may withdraw that plea for "any reason or no reason."[24] If the court has accepted the plea, the defendant may withdraw the plea if "(A) the court rejects a plea agreement under [Rule] 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal."[25] It is the defendant's burden to establish a "fair and just reason,"[26] and that burden is "substantial."[27] Under *United States v. Brown*,[28] the factors for a district court to consider when judging a motion to withdraw a guilty plea are "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal."[29] The government "need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the guilty plea."[30]

---

[22] *See* 7/30/25 Mot. Hr'g Tr. at 13-14 [Doc. No. 50].

[23] *See* 7/30/25 Mot. Hr'g Tr. at 23-24 [Doc. No. 50]. In a letter submitted to the Court on August 11, 2025, the government identified various sources of prejudice, including that the whereabouts of confidential informants were unknown, that certain key witnesses now lacked incentives to testify, and that other witnesses had relocated.

[24] Fed. R. Crim. P. 11(d)(1).

[25] Fed. R. Crim. P. 11(d)(2)(A)-(B).

[26] *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (quoting Fed. R. Crim. P. 32(e), *recodified as* Fed. R. Crim P. 11(d)(2)(B)).

[27] *Id.*

[28] 250 F.3d 811, 815 (3d Cir. 2001).

[29] *Jones*, 336 F.3d at 252 (citing *Brown*, 250 F.3d at 815).

[30] *Id.* at 255 (citing *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995)).

**III.    DISCUSSION**

    **A.    The Court need not consider Mack's *pro se* filing since he is represented.**

The government argues that, as a threshold issue, Mack's motion to withdraw his guilty plea should be denied because his motion was filed *pro se* without the approval of counsel.[31] The Court agrees. A criminal defendant has no right to hybrid representation.[32] By implication, "a district court is not obligated to consider *pro se* motions by represented litigants."[33]

To be clear, Mack's *pro se* letter motion to withdraw his guilty plea is included in the same letter as his request to terminate Attorney McCrossen's representation. Yet, because the Court had not terminated that representation or conducted a *Peppers* colloquy to enable Mack to proceed *pro se*,[34] Mack continues to be represented by Attorney McCrossen. Attorney McCrossen did not, and testified that he will not, adopt the *pro se* letter motion filed by his client, and thus the Court is not obligated to consider it.[35] The motion to withdraw the guilty plea will be denied on this basis, alone.

    **B.    Mack's motion to withdraw his guilty plea also fails on the merits.**

A merits analysis must begin with the observation that the Court accepted Mack's plea.[36] That acceptance prevents Mack from simply withdrawing his plea for "any reason or no reason," as provided in Rule 11(d)(1). Next, the Court has not yet accepted or rejected the plea term of a

---

[31] Gov't Response at 4-5 [Doc. No. 45].

[32] *See Thomas v. Carroll*, 581 F.3d 118, 125 (3d Cir. 2009) ("[I]f standby counsel is appointed, a defendant does not have a constitutional right to 'hybrid representation,' i.e., the 'defendant does not have a constitutional right to choreograph special appearances by counsel' while otherwise representing his or her self." (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)).

[33] *United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009).

[34] *See United States v. Peppers*, 302 F.2d 120, 135-36 (3d Cir. 2002).

[35] *See* 7/30/25 Mot. Hr'g Tr. at 7 [Doc. No. 50].

[36] 8/2/23 Change of Plea Hr'g Tr. at 45-46 [Doc. No. 36].

specific sentence,[37] thereby obviating Rule 11(d)(2)(A). Mack's motion to withdraw his plea, therefore, can only succeed if he establishes a fair and just reason to withdraw it under Rule 11(d)(2)(B). On this issue, the Court considers (1) the extent to which Mack asserted his innocence; (2) the strength of his reasons for withdrawing the plea; and finally (3) if Mack meets his burden on either of those factors, any prejudice to the government that would ensue if the plea were withdrawn.[38]

1. Assertion of Innocence

Although Mack did not make a claim of innocence in his motion, he clarified his position at the July 30, 2025 motion hearing. At the hearing, the government restated its summary of the evidence.[39] That summary included the fact that, according to laboratory testing, law enforcement recovered exactly 22,635.93 grams of methamphetamine and 266.11 grams of fentanyl during its investigation.[40] Based on the drugs recovered, the parties stipulated in the plea agreement that, for purposes of calculating a United States Sentencing Guideline range, Mack had possessed 47,646.07475 kilograms in converted drug weight.[41] Then, at the hearing on Mack's letter motion to withdraw the guilty plea, Mack testified that he sought to withdraw the plea "because the stipulated drug weight [was] not the true drug weight."[42] As Mack explained, it was not until after he had pled guilty that he realized his stipulation to the converted drug weight foreclosed any renewed dispute as to the amount of drugs he possessed.[43]

---

[37] 8/2/23 Change of Plea Hr'g Tr. at 19-20 [Doc. No. 36].

[38] *Jones*, 336 F.3d at 252.

[39] 7/30/25 Mot. Hr'g Tr. at 8-12 [Doc. No. 50].

[40] 7/30/25 Mot. Hr'g Tr. at 11 [Doc. No. 50].

[41] Guilty Plea Agreement ¶ 19(a) [Doc. No. 25].

[42] 7/30/25 Mot. Hr'g Tr. at 13 [Doc. No. 50].

[43] 7/30/25 Mot. Hr'g Tr. at 5-6 [Doc. No. 50].

The Court is not persuaded that Mack has met his burden under first *Brown* plea-withdrawal prong. For one, Mack's choice to contest the total converted drug weight conflicts with his statements at the change of plea hearing. There, he testified under oath that he was sober, alert, and able to proceed, that he read and understood the terms of the plea agreement, and that he understood that his stipulations with government were binding.[44] As quoted below,[45] Mack admitted under oath that he stipulated to a total converted drug weight of 47,646.07475 kilograms.[46]

Further, Mack's effort to contest the amount of drugs in his possession does not equate to a claim of innocence. In evaluating whether a defendant reasserted his innocence for purposes of the first plea-withdrawal prong, "[b]ald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea."[47] Rather, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense"[48] and must "give sufficient reasons to explain why contradictory positions were taken."[49] As the Third Circuit explained in *United States v. James*, a claim of innocence may be one of "factual innocence" or alternatively one of "legal innocence," as in the scenario where the defendant "has a complete affirmative defense, such as self-defense or entrapment."[50]

Mack has not asserted his factual or legal innocence. To the contrary, he proffered only that the stipulated drug weight was inaccurate because some of the drugs recovered belonged to

---

[44] Change of Plea Hr'g Tr. at 8-9, 27-28, 43-44 [Doc. No. 36].

[45] *See infra* § III.B.2.

[46] Change of Plea Hr'g Tr. at 43-44 [Doc. No. 36].

[47] *Jones*, 336 F.3d at 252.

[48] *Id.* at 252 (quoting *Brown*, 250 F.3d at 818).

[49] *Id.* at 253 (quotation marks omitted).

[50] 928 F.3d 247, 253-55 (3d Cir. 2019).

his co-conspirators instead of to him. If Mack's contention were proven accurate, that would still not absolve him of guilt as to any of the charges, much less serve as a complete affirmative defense. Further still, Mack's assertion about the "true drug weight" is not backed by facts in the record. He did not provide the Court with any evidence that the drugs attributed to him were possessed by his co-conspirators. In fact, he stipulated in the plea agreement—and reaffirmed in the colloquy advising him of his rights and of the legal consequences of his stipulations—that he had possessed 47,646.07475 kilograms of converted drug weight.[51] For all of these reasons, Mack has failed to assert his innocence.

## 2. Reasons for Withdrawing the Plea

As his reason for withdrawing the plea, Mack claims his retained counsel misrepresented to him that, despite his stipulation to a specified total drug weight, he would be able to challenge the drug weight at sentencing.[52]

Mack's contention that he was misinformed is not a valid basis for withdrawing the plea. In the plea colloquy, the Court accurately and fully advised him of the legal consequences of pleading guilty, including that his plea would preclude him from recontesting the stipulated drug weight.[53] After the government summarized its evidence, which included the statement that "[l]aboratory testing revealed 22,635.93 grams of methamphetamine and 266.11 grams of fentanyl,"[54] the Court asked Mack if he agreed with the facts as presented in the government's summary of evidence, and he replied in the affirmative:

---

[51] Change of Plea Hr'g Tr. at 43-44 [Doc. No. 36].

[52] 7/30/25 Mot. Hr'g Tr. at 13-14 [Doc. No. 50].

[53] *See Jones*, 336 F.3d at 254 (determining that the defendant was not misled concerning the potential sentence he would face in part because the court "clearly warned [the defendant] of the maximum sentences accompanying the charged offense").

[54] 8/2/23 Change of Plea Hr'g Tr. at 40 [Doc. No. 36].

>[THE COURT:] Mr. Mack, you were listening and following along as the Government recited its summary of facts to support the criminal indictment on these three counts. Do you agree that the Government accurately summarized the facts of this case?
>
>MR. MACK: Yes, Your Honor.
>
>THE COURT: Is there anything that was said by [the Government] that you don't agree with?
>
>MR. MACK: No, Your Honor.
>
>THE COURT: Then do you agree and admit that you committed the acts that are contained within these facts?
>
>MR. MACK: Yes, Your Honor.
>
>THE COURT: Then do you agree and admit that you're guilty of these crimes?
>
>MR. MACK: Yes, Your Honor.[55]

Later, the Court advised Mack that, under his plea agreement with the government, he was agreeing that he had possessed 47,646.07475 kilograms in converted drug weight.[56] The Court questioned Mack to ensure that he understood that the stipulations were binding.[57] Mack again replied in the affirmative:

>[THE COURT:] So those are your stipulations. The heavy hitting one is the amount of drugs, which drives up your sentencing guidelines. I think you understand that?
>
>MR. MACK: Yes, Your Honor.
>
>THE COURT: Okay. So once I accept this plea, your plea agreement is with it, these stipulations are binding on you. Do you agree to that?
>
>MR. MACK: Yes, Your Honor.[58]

---

[55] 8/2/23 Change of Plea Hr'g Tr. 41-42 [Doc. No. 36].

[56] 8/2/23 Change of Plea Hr'g Tr. 43 [Doc. No. 36].

[57] 8/2/23 Change of Plea Hr'g Tr. 43 [Doc. No. 36].

[58] 8/2/23 Change of Plea Hr'g Tr. 43-44 [Doc. No. 36].

The clarity of the Court's colloquy rectified any alleged flaws in the advice Mack had received from his retained counsel.[59] And, in any event, Mack offered no evidence at the motion hearing that his retained counsel had in fact misrepresented the consequences of his signing the plea agreement. In fact, in Paragraph 25 of the plea agreement, Mack agreed that his retained counsel provided satisfactory representation.[60] Mack similarly replied "Yes" at the change of plea hearing when asked under oath if he was satisfied with the efforts of his retained counsel.[61] Mack has failed to demonstrate adequate reasons to withdraw his plea.

### 3. Prejudice to the Government

Mack has not met his burden under first and second plea-withdrawal factors, so the Court need not proceed to the third factor: prejudice to the government. Even so, the Court finds that this factor also weighs in favor of the government. In a letter submitted on August 11, 2025, the government alerted the Court to hardships that would arise, should the Court permit Mack to withdraw his plea more than two years after it was entered. According to the letter, which the Court credits, that prejudice is in reference to material witnesses whose testimony is now less readily attainable.[62] The whereabouts of two confidential informants, including one who participated in controlled drug purchases from Mack, are unknown. There are also cooperating witnesses who received reduced sentences and therefore have less incentive to testify about conducting methamphetamine transactions with Mack. Finally, at least four law enforcement agents, including the DEA agent assigned to Mack's investigation when the case was charged, have relocated, thereby placing an additional burden on the government to reassemble its case.

---

[59] *See Jones*, 336 F.3d at 254; *United States v. Selby*, 210 F. App'x 219, 221 (3d Cir. 2007).

[60] Guilty Plea Agreement ¶ 25 [Doc. No. 25].

[61] 8/2/23 Change of Plea Hr'g Tr. at 9 [Doc. No. 36].

[62] *See United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011) (citing lack of access to witnesses as a form of prejudice that counsels against permitting a plea withdrawal under Fed. R. Crim. P. 11(d)(2)).

## IV. CONCLUSION

Mack has failed to establish a fair and just reason to withdraw his plea, as analyzed under the three plea-withdrawal factors in *Brown*. The Court will deny Mack's motion to withdraw his guilty plea. An appropriate order will be entered.